|   |   |
|---|---|
| 1 | THE HONORABLE RICHARD A. JONES |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SRIRAM KRISHNAN,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>CAMBIA HEALTH SOLUTIONS, INC. and REGENCE BCBS OF OREGON,<br><br>　　　　　　　Defendants. | No. 2:20-cv-574-RAJ<br><br>ORDER |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Amend Answer to Complaint. Dkt. # 19. Plaintiff opposes this motion. Dkt. # 21. For the reasons below, the Court **GRANTS** the motion.

## II.   DISCUSSION

A party may amend its pleading only with the written consent of the opposing party or with the court's leave. Fed. R. Civ. P. 15(a)(2). A court should "freely give leave when justice so requires." *Id.* In determining whether leave to amend is appropriate, the court considers four factors: "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d

ORDER – 1

708, 712 (9th Cir. 2001) (internal citation and quotations omitted).

Here, Defendants Cambia Health Solutions, Inc. and Regence BCBS of Oregon ("Defendants") move the Court for leave to amend their answer by adding a defense based on information gained through discovery. Dkt. # 19 at 1. Specifically, Defendants allege that Plaintiff Sriram Krishna's ("Plaintiff") responses to Defendants' interrogatories and requests for production included documents containing Defendant Cambia's confidential information, such as wage, budget, and product, and information. *Id.* Defendants claim that Plaintiff's removal of such documents from Cambia after his termination from Cambia violated Cambia's confidentiality policies and is grounds for termination. *Id.* Based on this newly discovered information, Defendants seek to add a defense to its answer pursuant to the after-acquired evidence doctrine. *Id.* at 3.

Plaintiff argues that Defendants' proposed amendment would be futile because "after-acquired evidence is not a defense to wrongful termination in violation of public policy," which is at issue here. Dkt. # 21 at 1. Plaintiff alleges that he was fired for raising complaints about financial improprieties related to Cambia's investments and contends that the after-acquired evidence defense is unavailable to Defendants under these circumstances. *Id.* at 3. Plaintiff is correct that after-acquired evidence is not a defense to a wrongful termination on public policy grounds. *See Martin v. Gonzaga Univ.*, 425 P.3d 837, 846 (Wash. 2018) (noting "that there is no [Washington] case law to support applying the after-acquired-evidence doctrine to a wrongful discharge claim").

However, Defendants do not seek to assert after-acquired evidence as a complete defense. Instead, as they explain in their motion, Dkt. # 19 at 8, and reply, Dkt. # 22 at 4, they seek to introduce this evidence as a limit to the damages Plaintiff might recover, in reliance on *Martin v. Gonzaga Univ.*, 425 P.3d at 846 (nothing that "[the after-acquired] doctrine limits the damages an employee may recover and does not limit liability as a matter of law").

The Court does not find that such an amendment would be futile at this stage in

ORDER – 2

the proceeding. In the absence of bad faith, prejudice, or undue delay, the Court finds no reason to deny Defendants leave to amend their answer. 244 F.3d at 712.

### III.   CONCLUSION

For the reasons stated above, Defendants' Motion for Leave to Amend the Answer to the Complaint is **GRANTED**. Dkt. # 19.

DATED this 21st day of April, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3