HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SRIRAM KRISHNAN,

        Plaintiff,

   v.

CAMBIA HEALTH SOLUTIONS, INC. and REGENCE BCBS OF OREGON,

        Defendants.

No. 2:20-cv-574-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on four motions: Defendants' Motion to Compel Forensic Examination, Dkt. # 31, Plaintiff's Motion to Compel, Dkt. # 33, Plaintiff's Motion for Leave to Extend Discovery, Dkt. # 39, and Plaintiff's Motion for Extension of Time to Complete Discovery, Dkt. # 40. The Court has reviewed the briefings, relevant record, and applicable law and finds that oral argument is unnecessary.

## II.   BACKGROUND

Plaintiff Sriram Krishnan ("Plaintiff") filed suit alleging retaliatory termination against Defendants Cambia Health Solutions, Inc. ("Cambia") and Regence BCBS of Oregon (collectively "Defendants"). Dkt. # 1-1. The parties were scheduled to complete

ORDER – 1

discovery by June 14, 2021. Dkt. # 27. Just over two weeks before the discovery deadline, Defendants moved the Court to compel production of Plaintiff's electronic devices for forensic examination. Dkt. # 31. On the same day, Plaintiff filed a motion to compel discovery. Dkt. # 33. Three days after the discovery deadline, Plaintiff moved the court for leave to extend the discovery cutoff and filed a motion for an extension of time to complete discovery. Dkt. # 39. The Court will consider each motion in turn.

### III. DISCUSSION

District courts have "broad discretion to manage discovery and to control the course of litigation." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). Rule 26(b) of the Federal Rules of Civil Procedure sets forth the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information that falls within this scope of discovery is discoverable even if it may not be admissible in evidence. *Id.* "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cunningham v. Bank One*, No. C05-2104RSM, 2006 WL 3361773, at *1 (W.D. Wash. Nov. 20, 2006).

**A. Plaintiff's Motion to Compel**

In his motion to compel, Plaintiff asserts that Defendants have "consistently refused to produce documents" in response to several requests for production. Dkt. # 33 at 6. In response to the requests at issue, Defendants have objected to or provided limited production based on attorney-client privilege, work-product doctrine, and their claim that

ORDER – 2

the requested communication is not within their possession, custody, or control. Dkt. # 34 at 4-5. The Court will consider each disputed request below.

*1. Plaintiff's Request for Electronic Communications*

In Plaintiff's Request for Production No. 6, Plaintiff requests "copies of any records of verbal, written, or electronic communications containing information regarding Plaintiff's performance and termination of Plaintiff's employment." Dkt. # 33 at 4. Defendants initially objected to this request as duplicative of Request for Production No. 5, which sought documents "containing information regarding the facts Cambia relied on in making the decision to terminate Plaintiff's employment, including policies, emails, and text messages." Dkt. # 34 at 3. Plaintiff's counsel clarified that they were seeking text messages between Defendants' employees from their personal cell phones. Dkt. # 33 at 8; Dkt. # 34 at 3. Defendants argued that "they did not have possession, custody, or control over their employees' personal cell phones and could not compel the employees to produce the devices." Dkt. # 34 at 3.

"[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand." *Goolsby v. Cty. of San Diego*, No. 3:17-CV-564-WQH-NLS, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019). Plaintiff, as the party seeking production, must establish that Defendants have control of the requested text messages. *Id.* Defendants argue that Plaintiff has failed to meet his burden. Dkt. # 34 at 6 (citing 2019 WL 3891128, at *4). The Court agrees.

In determining whether an employer has "control" of its employees' communications on their personal devices, the Court must consider several factors, including whether the employer issued the devices, whether the devices were used for business purposes, and whether the employer had a legal right to obtain communications from the devices. *See Goolsby*, 2019 WL 3891128, at *4; *Stinson v. City of New York*,

ORDER – 3

No. 10 CIV. 4228 (RWS), 2016 WL 54684, at *5 (S.D.N.Y. Jan. 5, 2016); *Cotton v. Costco Wholesale Corp.*, No. 12-2731-JW, 2013 WL 3819974, at *6 (D. Kan. July 24, 2013). Here, Plaintiff has provided evidence of text messages between his supervisor, Faraz Shafiq, and several employees discussing work-related material on their personal devices. *See* Dkt. # 37, Ex. 6. However, the personal cell phones were not issued by Defendants, and Plaintiff has not established that the devices are routinely used for business purposes or to what extent.

Moreover, the Court finds that Defendants do not have a legal right to obtain the communications from its employees' personal cell phones based on company policy, as argued by Plaintiff. *See* Dkt. # 37 at 3. Plaintiff cites the Defendants' handbook, which states that employees "do not have an expectation of privacy in the electronic messaging systems used during your employment" and that "access by management is permitted without your consent and without giving prior notice." Dkt. # 37 at 3 (citing Ex. 3). In the same paragraph, the policy states that "Cambia has the right to review, copy, audit, investigate, intercept, access and disclose any use of your computer, email, instant messaging, telephone and internet systems, including messages created, received or sent for any purpose." Dkt. # 37-1, Ex. 3. This language clearly refers to employees' use of the *employer's* devices and electronic systems, not employees' use of their own personal devices and text messaging system their personal cell phones. The Court finds that Plaintiff has not met its burden to establish that Defendants are in "control" of the requested communications and **DENIES** the motion to compel the requested employees' text messages.

   *2. Plaintiff's Request for Investigation-Related Documents*

In Plaintiff's Request for Production No. 10, Plaintiff requests "copies of any documents that relate to the inquiry or investigation, if any, into the allegations contained in Plaintiff's Complaint for Damages, including: (a) The person(s) who conducted the inquiry or investigation; (b) The person(s) interviewed; and (c) The date(s) of the

ORDER – 4

interviews." Dkt. # 33 at 4.  Defendants objected to this request based on attorney-client privilege and the work-product doctrine.  *Id.*

Under the attorney-client privilege, communications are protected when the following elements are satisfied:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).  The party asserting the privilege must prove each essential element.  *Id.*

Plaintiff argues that the first element is not satisfied here because Plaintiff did not approach Defendants' in-house counsel seeking advice, but rather to report a violation of law.  Dkt. # 33 at 7.  However, while Plaintiff reported the issue, an investigation into the matter by in-house counsel was specifically requested by Defendant Cambia's Human Resources Department.  Dkt. # 34 at 7.  Defendant's Human Resources Department was seeking legal advice on the matter, thus satisfying the first element.  With respect to the other elements, Plaintiff does not dispute that they are satisfied.  In fact, this district court has found that fundamentally similar investigations of employee-reported matters conducted by a party's in-house counsel satisfy the elements for attorney-client privilege. *See Erickson v. Biogen, Inc.,* No. C18-1029-JCC, 2019 WL 2525424, at *2 (W.D. Wash. June 19, 2019) (holding that an investigation of an employee's complaint conducted by in-house counsel "for the purpose of providing confidential legal advice to Defendant, regarding a matter that could lead to legal action involving Defendant" satisfied all elements required for attorney-client privilege).  The Court therefore finds that the elements of attorney-client privilege are similarly met here.

The cases cited by Plaintiff are inapposite.  *See* Dkt. # 33 at 7.  In one, the district court held that a plaintiff's own communications with corporate counsel were not

ORDER – 5

protected by attorney-client privilege. *See Becker v. Willamette Cmty. Bank*, No. 6:12-CV-01427-TC, 2014 WL 2949334, at *2 (D. Or. June 30, 2014) (holding that attorney-client privilege did not "preclude the plaintiff herself from disclosing her communications with corporate counsel"). The court confirmed, however, that communications between corporate officers and counsel regarding a matter under investigation were protected by attorney-client privilege, as long as they satisfied the requisite elements. *Id.* Similarly, in the second case, the district court held that "communications that *trigger* retaliatory conducted are excepted from the privilege," but that a defendant's attorney's communications with the defendant about the investigation of a retaliatory complaint is not excepted from the privilege. *Biggs v. City of St. Paul*, No. 6:18-CV-506-MK, 2019 WL 1114868, at *2 (D. Or. Mar. 8, 2019) (emphasis added).

Here, Plaintiff is free to disclose his own communications with Defendant's in-house counsel. However, communications and documents related to Defendant's investigation into the matter as conducted by in-house counsel is protected by attorney-client privilege. Plaintiff's request to compel discovery on this matter is **DENIED**.

*3. Plaintiff's request for email regarding termination*

Plaintiff's Second Request for Production No. 2 seeks an email with "the list of 'bullet points' sent by Mr. Shafiq to Ms. Hilfrink and Mr. Masterati on October 29, 2019, as he testified to in his deposition on November 6, 2020." Dkt. # 33 at 4. In the course of discovery, Defendants had objected to the request based on attorney-client privilege and work product doctrine. *Id.* In their opposition to Plaintiff's motion to compel, Defendants first argue that the Court should deny the request for this communication because Plaintiff failed to confer as required by Federal Rule of Civil Procedure 37(a)(1) and then reiterate their argument that the email is protected from disclosure by attorney-client privilege. Dkt. # 34 at 9. The Court is unpersuaded.

Rule 37(a)(a) states that a motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to

ORDER – 6

1  confer with the person or party failing to make disclosure or discovery in an effort to
2  obtain it without court action." Fed. R. Civ. P. 37.  This requirement is intended to
3  "minimize waste of judicial time and resources on issues that could be resolved amongst
4  the parties." *Rosario v. Starbucks Corp.*, No. 2:16-CV-01951 RAJ, 2017 WL 5999634,
5  at *2 (W.D. Wash. Dec. 4, 2017).  Here, the parties' email correspondence confirms that
6  the parties met and conferred on several occasions regarding discovery and that
7  Plaintiff's counsel made "numerous efforts to obtain documents responsive to Plaintiff's
8  second set of requests for production." Dkt. # 37-1 at 83.  It is clear from the email
9  communications, as well as Defendants' ongoing opposition to production in the instant
10 briefing, that the parties were unable to resolve this matter despite efforts to do so. *Id.*;
11 Dkt. # 34 at 9.  The Court will not strike the motion to compel on this basis.

12      With respect to attorney-client privilege, the Court finds that the email was not
13 sent "for the purposes of obtaining legal advice," as alleged by Defendants.  Dkt. # 34 at
14 10.  Mr. Shafiq, the author of the email, explained in his deposition that he told his co-
15 worker, Taunya Hilfrink that he was "sending [Taunya] and Jim bullet points as per chat
16 with Jim Friday." Dkt. # 33-1 at 97.  The purpose of the email was "to structure" the
17 conversations Mr. Shafiq had with Taunya for Jim regarding "[Plaintiff's] performance
18 issues." *Id.*  When asked if he sent the email to Taunya, Mr. Shafiq said that he
19 "recall[ed] sending them to Taunya and maybe a few others." *Id.*  Mr. Shafiq confirmed
20 that the bullet points involved Plaintiff's performance issues and reiterated that he
21 "wanted to provide those to Jim." *Id.*  Mr. Shafiq's deposition demonstrates that the
22 intended recipients of Mr. Shafiq's email were Jim Masterati, Vice President of Human
23 Resources, and Taunya Hilfrink, Manager of Human Resources Business Partner. *Id.*;
24 Dkt. # 37-1 at 2.  Mr. Shafiq makes no mention of an attorney nor does he describe an
25 interest in obtaining legal advice.  Although in-house counsel had been copied to the
26 email, Mr. Shafiq's description of the email's content and recipients does not support a
27 finding the he was seeking legal advice from a legal advisor.  The email is therefore not
28 ORDER – 7

1  protected by attorney-client privilege.  The Court **GRANTS** Plaintiff's motion to compel
2  this communication.  Because Plaintiff's motion to compel is granted in part, Defendants
3  request for attorney's fees is denied as moot.  Dkt. # 34 at 11.

### B. Defendants' Motion to Compel Forensic Examination

In their motion to compel production of electronic devices for forensic examination, filed on May 27, 2021, Defendants claim that Plaintiff has consistently failed "to provide full and complete responses to [Defendants'] discovery" requests.  Dkt. # 31 at 1.  Specifically, Defendants argue that Plaintiff failed to produce documents responding to the following requests: (1) communications and documents that show that "Abacus's data platform had not been properly vetted" as alleged in the complaint; (2) all non-privileged documents and communications between Plaintiff and third parties, including but not limited to Guarav Kalmady, Shelley Webb, and Lin Chen, regarding litigation or potential litigation between Plaintiff and Defendant; (3) communications between Plaintiff and each potential employer listed in the in Plaintiff's job search log, including communications regarding the interview process and job offers or rejections; and (4) any and all communications between Plaintiff and third parties regarding Abacus, Faraz Shafiq, and Plaintiff's role and work at Cambia.  *Id.* at 3-4.

During a meet and confer conducted after the motion was filed, Plaintiff's counsel disclosed to Defendants' counsel for the first time that Plaintiff had a second cell phone.  Dkt. # 38-1 ¶ 7.  Plaintiff's counsel agreed to produce texts, WhatsApp messages, and other communications from the cell phone.  *Id.*  On June 4 and June 7, 2021, Plaintiff made two supplemental productions.  *Id.* ¶ 8.  Plaintiff produced over 1,600 pages of documents, including 775 pages of WhatsApp messages and 263 pages of text messages.  *Id.*  Plaintiff's counsel claimed that through the June 4 disclosure, she provided Defendants counsel with "complete text, WhatsApp, and email communications between Plaintiff and several third parties, including potential employers, former coworkers, and professional associates."  Dkt. # 36-1 ¶ 4.  She noted, however, that "the majority of the

ORDER – 8

records produced on June 4, 2021, are not relevant to the current litigation." *Id.* Plaintiff's counsel also claimed that she provided Defendants' counsel with all communications between her law firm and to third-party deponents, Janak Patel and Gaurav Kalmady. *Id.* ¶

In their reply brief to Plaintiff's opposition, Defendants argue that Plaintiff's disclosure of a secret second cell phone and production of 1,600 pages of documents after the filing of the instant motion and only days before the deadline to complete discovery constitutes an abuse of discovery rules and demonstrates "bad faith" in the discovery process. Dkt. # 38 at 2. Defendants argue that they had requested communications between Plaintiff and third parties regarding the litigation almost a year ago, on August 18, 2020. *Id.* at 3. On February 4, 2021, Defendants expanded their requests and met and conferred with Plaintiff numerous times to obtain the requested documents and communications. *Id.* In response to these requests, Plaintiff produced only 360 pages in total of documents prior to Defendants' filing of the motion to compel. *Id.* Defendants argue that Plaintiff's recent disclosure of a second cell phone used for litigation-related communications and 1,600 pages of documents only days before the discovery deadline only confirms their suspicion regarding incomplete production. *Id.* Moreover, Defendants cite numerous conflicts between Plaintiff's deposition testimony and the newly disclosed documents produced by Plaintiff on June 4 to support their request for an independent forensic examination. *Id.* at 4.

The Court finds that Plaintiff's delay in producing requested documents and communications and failure to disclose the existence of a second cell phone used for such communications raises significant concerns about Plaintiff's efforts to comply with discovery obligations in good faith. It appears that Plaintiff may have intentionally withheld relevant and discoverable communications from Defendants and, possibly, from his own counsel. *See* Dkt. # 38 at 2-3. Based upon these facts, the Court finds that an independent forensic examination of Plaintiff's electronic devices is necessary and

ORDER – 9

appropriate.[1]  *See Lee v. Asplundh Tree Expert Co.*, No. C17-719-MJP, 2017 WL 6731978, at *2 (W.D. Wash. Dec. 29, 2017) (compelling a forensic examination of a plaintiff's cell phone because she could not "be trusted to produce authentic and unaltered documents to Defendant").  Because the requirement for a forensic examination is the direct consequence of Plaintiff's failure to properly disclose communications and apparent withholding of information, Plaintiff must bear the financial cost of such an examination.  The Court denies Plaintiff's request for Defendants to pay for the examination.  *See* Dkt. # 36 at 1.

### C. Plaintiff's Motions for Extension of Discovery Deadline

On June 17, 2021, three weeks after the deadline to file discovery-related motions—and three days after the close of discovery—Plaintiff filed a motion for relief from the deadline so that he could file a motion to extend the discovery deadline.  Dkt. # 39.  The same day, Plaintiff filed a motion for extension of time to complete discovery.  Dkt. # 40.  Pursuant to the Court's scheduling order, discovery motions had to be noted for no later than June 11, 2021.  Dkt. # 27.  This required any discovery motions to be filed no later than May 27, 2021.  *See id.*; Local Rules W.D. Wash. LCR 7(d)(3).

A change in the Court's case schedule can be made only by order of the Court and only upon good cause shown.  *See* Dkt. # 27.  Plaintiff argues that the delay in filing the motion was not "in the reasonable control of the movant" because Plaintiff "was compelled to use subpoenas to seek discovery and Defendants did not state their objections to the subpoenas until June 14, 2021.  Dkt. # 39 at 3 (citing *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992)).  This assertion, however, fails to account for the fact that Plaintiff failed to issue

---

[1] In their reply brief, Defendants request sanctions based on Plaintiff's disclosures prior to the deadline for the completion of discovery.  Because this issue was raised for the first time in the reply brief, the Court will not consider it.  *See United States v. Boyce*, 148 F.Supp.2d 1069, 1085 (2001) (holding that "it is improper for a party to raise a new argument in a reply brief[,]" largely because the opposing party may be deprived of an opportunity to respond).

ORDER – 10

subpoenas until June 8, 2020, less than a week before the June 14 cutoff date for discovery. *Id.* at 2.  Moreover, the subpoenas were untimely because they requested the documents to be produced by June 15, 2021, a day after the deadline. *Id.*

Plaintiff provides no explanation for why he could not have sent the subpoenas earlier in the discovery process or filed the instant motion earlier.  Instead, Plaintiff did not file the motions until three days after the deadline for the completion of discovery.  Plaintiff's failure to provide timely subpoenas earlier in the discovery process does not establish good cause as required by this Court or "excusable neglect" under Rule 6(b)(1) of the Federal Rules of Civil Procedure.  *See* 507 U.S. at 395 (holding that one of the four factors considered in determining whether a party has established "excusable neglect" is whether the delay in filing was within the reasonable control of the movant).  The Court therefore denies Plaintiff's motion for relief from the deadline to file discovery-related motions, Dkt. # 39, and denies Plaintiff's motion for extension of time to complete discovery as untimely, Dkt. # 40.

The Court's case schedule and deadlines will remain unchanged.  The Court will permit discovery solely in compliance with this Order, specifically to allow for (1) production of Mr. Shafiq's email regarding termination requested by Plaintiff in his Second Request for Production No. 2 and (2) a forensic examination of Plaintiff's electronic devices.

### IV.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Compel, Dkt. # 33, is **DENIED IN PART** and **GRANTED IN PART:**

   a. Plaintiff's request to compel the production of Defendants' employees' text messages from their personal cell phones in its Request for Production No. 6 is **DENIED**;

ORDER – 11

    b. Plaintiff's request to compel the production of investigation-related documents in its Request for Production No. 10 is **DENIED**; and

    c. Plaintiff's request to compel production of specific email regarding termination in its Second Request for Production No. 2 is **GRANTED**.

2. Defendants' Motion to Compel Production of Electronic Devices for Forensic Examination, Dkt. # 31, is **GRANTED**.

    a. The parties are ordered to identify a mutually acceptable plan for examination by a forensic expert within seven (7) days of the date of this Order. Plaintiff shall not delete or alter the contents of his devices in any way prior to the forensic examination.

3. Plaintiff's Motion for Leave to Extend Discovery, Dkt. # 39, is **DENIED**; and

4. Plaintiff's Motion for Extension of Time to Complete Discovery, Dkt. # 40, is **DENIED**.

DATED this 23rd day of July, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 12