1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

SRIRAM KRISHNAN,

12
                        Plaintiff,
        v.

13

CAMBIA HEALTH SOLUTIONS INC et
al.,

14

15
                        Defendant.

16

CASE NO. 2:20-cv-00574-TL

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AS A
SANCTION AND STRIKING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

17        This matter is before the Court on Defendants' Motion to Dismiss as a Discovery

18   Sanction. Dkt. No. 44. Also pending before the Court is Defendants' Motion for Summary

19   Judgment. Dkt. No. 46. The Court has reviewed the briefing, relevant records, and applicable law

20   and finds that oral argument is unnecessary. For the reasons stated herein, the Court DENIES

21   Defendants' motion to dismiss as a discovery sanction but will allow Defendants additional time

22   to complete discovery to cure the prejudicial impact of Plaintiff's discovery violations. The

23   Court also STRIKES Defendants' currently pending motion for summary judgment and will reset

24

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS A SANCTION AND STRIKING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 1

the dispositive motion deadline to allow Defendants to incorporate any newly discovered evidence into a renewed dispositive motion.

## I. BACKGROUND

On April 15, 2020, Plaintiff Sriram Krishnan filed suit alleging retaliatory termination against Defendants Cambia Health Solutions, Inc., and Regence BCBS of Oregon (collectively "Defendants"). Dkt. No. 1-1. On January 28, 2021, at the Parties' request, the Court entered an amended schedule requiring discovery to be completed by June 14 and resetting the dispositive motion deadline to July 14, 2021. Dkt. No. 27. On May 27, 2021—just over two weeks before the new discovery cutoff—Defendants moved to compel production of Plaintiff's electronic devices for forensic examination.[1] Dkt. No. 31.

After Defendants filed their motion to compel, Plaintiff disclosed the existence of a cell phone containing communications that were responsive to the requests Defendants raised in their discovery motion. Dkt. No. 44 at 3. On June 4—only 10 days before the end of the discovery period—Plaintiff produced a relatively large number of responsive documents from the belatedly disclosed cell phone. Dkt. No. 38 at 2-3 (noting that Plaintiff produced only "360 total pages of documents" prior to Defendants filing the motion to compel, but then produced 1,600 pages of additional documents on June 4). In their reply briefing, Defendants argued the surprise disclosure and production of responsive documents so close to the discovery cutoff and dispositive motions deadlines evidenced bad faith and requested discovery sanctions in the form of motion-related costs and fees. Dkt. No. 38 at 7.

---

[1] On the same day, Plaintiff also filed a motion to compel discovery. Dkt. No. 33.

To meet the July 14 dispositive motions deadline, Defendants filed the instant motion to dismiss as a sanction and a separate motion for summary judgment while the discovery motions were still pending. Dkt. Nos. 44, 46.

On July 23, the Court entered its Order granting Defendants' motion to compel forensic examination of all of Plaintiff's electronic devices.[2] Dkt. No. 49 at 8-10. Specifically, the Court found that

> Plaintiff's delay in producing requested documents and communications and failure to disclose the existence of a second cell phone used for such communications raises significant concerns about Plaintiff's efforts to comply with discovery obligations in good faith. It appears that Plaintiff may have intentionally withheld relevant and discoverable communications from Defendants and, possibly, from his own counsel.

*Id.* at 9. Despite this finding, the Court refused to consider Defendants' request for monetary sanctions because it was raised for the first time in their reply briefing. *Id.* at 10, n.1.

## II.   DISCUSSION

The Federal Rules of Civil Procedure empower the Court to impose sanctions if a party fails to respond to a properly served discovery request. Fed. R. Civ. Proc. 37(d)(3). Rule 37 clarifies that an evasive or incomplete disclosure or response is to be treated as a failure to respond. *Id.* at 37(a)(4). The Court is authorized to imposes sanctions up to and including dismissal. *Id.* at 37(d)(3), (b)(2)(A)(i)-(vi); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (giving "particularly wide latitude to the district court's discretion to issue sanctions" under Rule 37).

---

[2] The Court also denied in substantial part Plaintiff's competing motion to compel, ordering Defendants to produce only a single email communication that they incorrectly withheld as privileged. *See* Dkt. No. 49 at 2-8. The Court also denied two other discovery-related motions filed by the Plaintiff: (1) a motion for leave to file an untimely discovery motion (Dkt. No. 39), and (2) a motion to extend the discovery period (Dkt. No. 40). *See* Dkt. No. 49 at 10-11. The Court also rejected Plaintiff's request to impose the cost of the forensic examination on Defendants "[b]ecause the requirement for a forensic examination is the direct consequence of Plaintiff's failure to properly disclose communications and apparent withholding of information." *Id.* at 10.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS A SANCTION AND STRIKING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3

"District courts have substantial discretion to impose the extreme sanction of dismissal where there has been flagrant, bad faith disregard of discovery duties." *Canty v. City of Seattle*, 2018 WL 3722336, at *3 (W.D. Wash. Feb. 28, 2018) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)), *report and recommendation adopted*, 2018 WL 3708052 (W.D. Wash. Aug. 3, 2018). The Ninth Circuit has adopted a five-factor test to guide district courts when determining whether a party's "willfulness, bad faith, and fault" justify dismissal. *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotations omitted) (hereinafter "*Connecticut General*"). The five factors to be considered are "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (internal quotations and citations omitted). These factors are "not a set of conditions precedent for sanctions" but simply provide "the district court with a way to think about what to do" in a particular case. *Id.*

## A.    Dismissal as a Discovery Sanction is Not Warranted

Both sides argue that all five factors weigh in their respective favors. Defendants rely heavily on their argument that the nature and timing of Plaintiff's belated disclosure of a second cell phone shows bad faith and willfulness. *See generally* Dkt. Nos. 44, 55. Plaintiff appears to argue that his voluntary disclosure and expedited supplemental production renders Defendants' complaints harmless, and his subsequent compliance with the Court's order regarding forensic examination of his devices shows that the extreme sanction of dismissal is unwarranted. *See generally* Dkt. No. 50. The Court finds that, while Plaintiff clearly failed to meet his discovery obligations, on balance, his actions do not warrant dismissal.

1. **The First, Second, and Fourth Factors: Expeditious Resolution, Docket Management, and Disposition on the Merits**

On the one hand, the Court agrees with Defendants that the first two factors likely weigh in their favor, but only marginally. Far from curing these issues, Plaintiff's voluntary disclosure and production of documents *after* Defendants already filed their motion to compel directly hindered the expeditious resolution of this action and unnecessarily multiplied the docket activity in this case. At the very least, Plaintiff's delayed disclosure has now spawned multiple otherwise unnecessary discovery motions, hampered Defendants' ability to pursue relevant additional discovery, and will necessitate yet another amendment to the case schedule.

On the other hand, even though the Court is very concerned "that Plaintiff may have intentionally withheld relevant and discoverable communications from Defendants and, possibly, from his own counsel" (Dkt. No. 49 at 9), the fourth factor "always weighs against dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). These three factors essentially cancel out, so it is the third and fifth factors that are most relevant to the Court's determination here. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

2. **The Third Factor: Risk of Prejudice to Defendants**

This factor weighs strongly in Defendants' favor. Plaintiff waited until June 4, 2021—less than two weeks before the end of the discovery period—to produce 1600 pages of responsive communications that were originally requested in August 2020 and February 2021. Dkt. No. 44 at 2-3. Plaintiff's disclosure of the second cell phone came only *after* Defendants moved to compel a forensic review of his devices that might have uncovered the existence of the previously undisclosed device anyway. *Id*. The delayed supplemental production dwarfed the 360 total pages Plaintiff had previously produced to that point. Dkt. No. 38 at 2-3. This means that Plaintiff's actions deprived Defendants of a significant majority of the documentary

1    evidence they had a right to when considering and preparing for discovery, including

2    depositions. In fact, Defendants have identified specific additional written discovery they would

3    have pursed and adjustments to their deposition strategy they would have made had they

4    received the belated supplemental production in a timely fashion. Dkt. No. 55 at 3-4.

5         Plaintiff first counters that Defendants were not actually prejudiced because Plaintiff

6    voluntarily produced the documents prior to the discovery and dispositive motions deadlines.

7    This argument completely misses the point. *See* Dkt. No. 50 at 5. Rule 37 makes clear that an

8    "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose,

9    answer, or respond." Fed. R. Civ. Proc. 37(a)(4). The documents produced from the second cell

10   phone were in Plaintiff's possession and control when Defendants served their initial discovery

11   requests. As previously noted by the Court, Plaintiff's actions raise "significant concerns about

12   Plaintiff's efforts to comply with discovery obligations in good faith." Dkt. No. 49 at 9. Even if

13   unintentional, Plaintiff's failure to disclose the cell phone in a timely manner resulted in evasive

14   and incomplete responses to Defendants' valid discovery requests, which the Court must treat as

15   a failure to respond. Plaintiff's untimely disclosure does not eliminate the prejudice to

16   Defendants' discovery efforts that stems from the original failure to respond. And the fact that

17   Defendants were able to meet the dispositive motion deadline does not cure the prejudice that

18   originates from the potentially deficient evidentiary record they were then forced to rely on due

19   to Plaintiff's failure to meet his discovery obligations.

20        Plaintiff's second argument on this factor is even less compelling and only reinforces

21   Defendants' allegation of bad faith. In the opposition brief and supporting declaration, Plaintiff's

22   counsel claims that she suggested extending the discovery cutoff prior to Defendants' motion to

23   compel to provide "Defendants with additional time to review Plaintiff's document production."

24   Dkt. No. 50 at 5, Dkt. No. 51 at ¶¶ 11-13. The Court takes several issues with this representation.

Plaintiff's counsel requested that Defendants stipulate to an expansion of the discovery period in an email that was sent at 4:13 PM on the same day the Parties were required to file discovery motions per the Court's scheduling order. *See* Dkt. No. 51-1 at 69. The email focused only on allegations of deficiencies in Defendants' discovery responses and Plaintiff's threatened cross-motion to compel. *Id.* After acknowledging the same day deadline for filing dispositive motions, Plaintiff's counsel offered to stipulate to extend the filing deadline, not the discovery cutoff. *Id.* In response to Plaintiff's email, Defendants' counsel declined to stipulate to a filing-deadline extension, documenting their position regarding the alleged deficiencies in their responses and expressing their concern about requesting a same-day deadline extension. *Id.* Nothing in this email exchange indicated that the suggestion to extend the deadline had anything to do with allowing Defendants more time to review Plaintiff's document production, as Plaintiff's counsel now represents.

Defendants argue that Plaintiff's request to extend the discovery motion filing deadline was, in fact, entirely self-motivated. Dkt. No. 55 at 4. Subsequent motions practice reinforces Defendants' argument since Plaintiff was apparently forced to file an opposed motion to expand the time to allow Plaintiff to pursue additional untimely third-party discovery. *See* Dkt. Nos. 39, 40.[3]

Which brings the Court to its most significant issue with Plaintiff's argument. Earlier in the same email chain, Plaintiff's counsel notes that they do not "understand the basis for [Defendants'] concern that documents are either being withheld or have been destroyed." *Id.* at 70. The Court assumes this is probably because Plaintiff had not yet disclosed to his attorneys the existence of the second phone containing the very documents Defendants believed were

---

[3] The Court denied both Plaintiff's motion for relief from the discovery-motion filing deadline and motion to expand the discovery period. Dkt. No. 49 at 10-11.

being improperly withheld. Otherwise, counsel's later offer to expand the discovery deadline could only have been intended to allow Defendants more time to review documents that would preclude the need for Defendants' motion to compel if Plaintiff's counsel was already aware of the additional responsive discovery that it intended to supplement at the time. So, either Plaintiff's counsel was complicit in Plaintiff's discovery violations, or the request to expand the discovery period was for some other reason than what Plaintiff's counsel now appears to represent. Neither of these possibilities support Plaintiff's opposition to sanctions, but the Court will give Plaintiff's counsel the benefit of the doubt and presume that the latter option is correct.

In any event, Defendants have clearly been prejudiced, and risk further prejudice, by being forced to proceed on a potentially deficient factual record because of Plaintiff's discovery violations. Thus, this factor strongly favors dismissal as a discovery sanction.

### 3.    The Fifth Factor: Availability of Less Drastic Sanctions

Because the Court finds that the risk of prejudice can be remedied by imposing a less severe sanction, the fifth factor precludes dismissal. The Ninth Circuit has clarified that this factor includes three distinct subparts, requiring the Court to assess "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut General*, 482 F.3d at 1096. This is the first sanctions request that the Court has considered on this matter.[4] As such, no alternate sanction has ever been attempted, nor has Plaintiff received any specific warning regarding the possibility of case-dispositive sanctions for his actions.

Defendants argue that dismissal is still appropriate under these circumstances because of the timing and nature of the discovery violation. Dkt. 44 at 7. Defendants argue that Plaintiff's

---

[4] The Court refused to consider Defendants' request for sanctions included in its reply briefing on its motion to compel. *See* Dkt. No. 49 at 10, n.1.

actions show that he cannot be trusted to proceed in good faith in this case. *Id.* at 7-8. It is true that dismissal may be warranted without attempting lesser sanctions or giving explicit warnings if "a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts." *Connecticut General*, 482 F.3d at 1097 (internal quotations omitted) (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir.1998)). Here, Defendants rely heavily on *Connecticut General*, as well as *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Cir. 1987) and *Canty*, 2018 WL 3722336, but the circumstances in this case are easily distinguishable.

 This is not a case where Plaintiff has previously refused to comply with court-issued orders (*see, e.g.*, *Malone*, 833 F.2d at 132) or has attempted to perpetrate a fraud on the Court (*see, e.g.*, *Connecticut Genal.*, 482 F.3d at 1094). Also, in two of the three example cases, the court did provide an explicit warning before granting a case-dispositive sanction. *See Connecticut General*, 482 F.3d at 1095; *see also Canty*, 2018 WL 3722336, at *5. While the Court is very concerned that Plaintiff may have intentionally withheld the existence of the second cell phone, he also ultimately disclosed its existence of his own volition.[5] Plaintiff's counsel then, apparently, immediately disclosed and produced responsive documents from the phone to Defendants. As far as the Court is aware, Plaintiff has also fully complied with the Court's prior order to compel forensic examination of his devices at his own expense. These actions are far less egregious than the obstructive and deceptive acts found to warrant dismissal in any of the cases upon which Defendants rely.

 Here, the Court believes that a lesser sanction is available that could cure the specified risk of prejudice to Defendants. Both the nature and timing of Plaintiff's actions may have

---

[5] The Court further assumes that Plaintiff's counsel has since explained to their client his obligations as a party to this litigation and the potential consequences of his actions should he fail to meet them again in the future.

negatively impacted Defendants' ability to develop an adequate evidentiary record to support

their defenses. *Supra* § II(A)(2). Defendants highlight specific additional discovery they would

have pursued but for Plaintiff's belated disclosure and document production. Dkt. No. 55 at 4.

Defendants further acknowledge that additional time to complete this discovery could be an

adequate alternate sanction in lieu of dismissal. *Id.* at 3, n.2.

Therefore, as an alternate sanction, the Court GRANTS Defendants an additional **ninety**

**(90) days** to complete discovery related to any information attained from the belated

supplemental production and the forensic examination of Plaintiff's devices. During this

extended discovery period, Defendants may request additional written discovery requests, note

new third-party depositions, and re-note any earlier depositions, including Plaintiff's. Further, for

any re-noted depositions, Plaintiff shall bear the typical logistical costs (e.g., hiring an

appropriate court reporting service to facilitate the deposition and the fees associated with the use

of facilities for a deposition). Plaintiff and Plaintiff's counsel are strongly encouraged to fully

cooperate in good faith throughout this additional discovery period. Any further deceptive or

obstructive actions will result in harsher sanctions, up to and including dismissal of this action in

its entirety.

## B.    Defendants' Summary Judgment Motion

The potentially deficient factual record that Plaintiff's actions caused likely also

negatively impacted Defendants' ability to prepare an adequate dispositive motion.

*Supra* § II(A)(2). Plaintiff's belated supplemental document production 10 days before the end of

the original discovery period comprised more than four times the number of documents he had

produced previously. Dkt. No. 44 at 2-3. Each document produced in the supplemental

production existed at the time Defendants served their original discovery requests. Even if

Defendants had sufficient time to review the new tranche of documents and incorporate them

into their summary judgment motion before the dispositive motion deadline, they were deprived of any opportunity to use the information to help guide and direct their discovery efforts throughout the preceding discovery period. Consequently, the Court STRIKES Defendants' pending summary judgment motion and resets the dispositive motion deadline to **twenty-one (21) days after the end of the new discovery period**.

### III.   CONCLUSION AND ORDER

The Court DENIES Defendants' motion to dismiss as a discovery sanction (Dkt. No. 44) but finds that a sanction is nonetheless warranted. Defendants shall have an additional **ninety (90) days from the date of this order** to complete additional discovery related to information gathered from Plaintiff's inappropriately delayed supplemental document production and the previously ordered forensic investigation of Plaintiff's devices. The logistical costs for re-noting any previously completed depositions shall be borne by Plaintiff.

The Court also STRIKES Defendants' summary judgment motion (Dkt. No. 46), but Defendants shall have **twenty-one (21) days from the end of the additional discovery period** to refile any dispositive motions.

The Court will enter an amended case schedule consistent with this Order. Consequently, the Court further ORDERS the Parties to file, **within fourteen (14) days of this Order**, an updated Joint Status Report (1) addressing dates on which trial counsel may have conflicts or other complications to be considered in setting a new trial date;[6] (2) including a certification that all counsel and any pro se parties have reviewed Judge Lin's Chambers Procedures, the Local Rules, General Orders, and the applicable Electronic Filing Procedures; and (3) including a certification that all counsel and any pro se parties have reviewed and complied with Judge Lin's

---

[6] For case schedules set by Judge Lin, four months is required between the deadline for the filing of dispositive motions and the trial date.

Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

    Dated this <u>10th</u> day of May 2022.

 

Tana Lin
United States District Judge